UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID ABELSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV01431 AGF |
| ) | |
| MICHAEL JOHANNS, Secretary, ) | |
| U.S. Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss the case for improper venue.[1] For the reasons set forth below, this action shall be transferred to the United States District Court for the District of New Jersey.

Plaintiff David Abelstein filed this employment discrimination action pro se and in forma pauperis. The record establishes that on May 1, 2002, Defendant dismissed Plaintiff from probationary employment as a Plant Protection and Quarantine Officer (PPQO) at the Newark, New Jersey, International Airport. In March 2004, Plaintiff filed an employment discrimination case against Defendant in the United States District Court for the District of New Jersey, in which he claimed harassment and termination based upon his gender and disability. That court dismissed the case for failure to state a claim.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

In the present action, filed on September 7, 2005, Plaintiff, now a resident of Missouri, alleges that after his termination, he applied for "well over 100" jobs with the agency, including a job in Miami, Florida, for which he was qualified but not selected. He alleges that his former New Jersey supervisor made false and discriminatory statements about him to the selecting officer. Plaintiff claims that his nonselection was in retaliation for his protected EEO activity. He also claims that his failure to be rehired was due to his gender, disability (obsessive compulsive disorder), ethnicity, and religion, all in violation of Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act.

On May 5, 2005, Defendant filed the present motion to dismiss this action on the ground of improper venue, or alternatively to transfer the case to the United States District Court for the Southern District of Miami. Thereafter, on May 15, 2006, the Third Circuit reversed the dismissal of Plaintiff's New Jersey case and remanded the case for further proceedings. That case is still pending before the District Court for the District of New Jersey.

The Court agrees with Defendant that venue is improperly laid in this Court. Venue in this action is controlled by the specific venue provision of 42 U.S.C. § 2000e-5(f)(3), which applies to Title VII and the Rehabilitation Act, as opposed to the general federal venue statute, 28 U.S.C. § 1391(e), which permits a case to be brought against the federal government in the district where the plaintiff resides. See Johnson v. Payless Drug Stores NE., Inc., 950 F.2d 586, 587- 88 (9th Cir. 1991); Bolar v. Frank, 938 F.2d 377, 378-79 (2d Cir. 1991); Brigdon v. Slater, 100 F.Supp.2d 1162, 1163 (W.D. Mo.

2000). Section 2000e-5(f)(3) provides that an action such as the present one may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3).

The Court rejects Plaintiff's argument that Defendant waived venue. It is true that the right to challenge venue may be waived by failing to assert it "seasonably" or by conduct in the litigation. Schell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 262 (1961). While Defendant here should have asserted improper venue in his answer, the Court notes that upon the request of the Parties, all discovery in the case was stayed pending the filing of case dispositive motions, and Defendant promptly thereafter filed the present motion. Under these circumstances, the Court does not find that Defendant waived his right to assert improper venue. The Court also rejects Plaintiff's argument that Defendant's motion should be denied because Plaintiff is proceeding pro se and in forma pauperis.

The Court, however, believes that Plaintiff's alternative request that the case be transferred to the District Court in New Jersey, where counsel is representing him in his related lawsuit, should be granted. While no single location can be identified regarding each of the relevant factors, a substantial part of the alleged unlawful employment practices were committed by Plaintiff's former supervisor in New Jersey, a portion of the

relevant records are located in New Jersey, and that district is the site of a pending related case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED**. [Doc. #18]

**IT IS FURTHER ORDERED** that this case is transferred to the United States District Court for the District of New Jersey.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of June, 2006.